UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHAWN RUYBAL, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-00508-GMN-NJK |
| vs. ) | |
| ) | ORDER |
| LIBERTY MUTUAL FIRE INSURANCE ) | |
| COMPANY, a Wisconsin corporation; ) | |
| DOES I through XX, inclusive and ROE ) | |
| CORPORATIONS I through XX, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Remand (ECF No. 9) filed by Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"). Plaintiff Shawn Ruybal ("Plaintiff") filed a Response (ECF No. 12), and Defendant filed a Reply (ECF No. 14).

I. **BACKGROUND**

Plaintiff claims he was injured by a third-party driver in a car accident on June 1, 2012. (Compl. ¶ 7, ECF No. 1-1). Plaintiff alleges the third-party driver paid his policy limit to Plaintiff, which was insufficient to cover the costs of Plaintiff's treatment. (*Id.* at ¶¶ 9–10). When Plaintiff demanded the uninsured/underinsured policy limit under the policy he had purchased from Liberty Mutual, Plaintiff claims Liberty Mutual failed to perform its duties. (*Id.* at ¶¶ 11–13).

Plaintiff filed his Complaint on February 9, 2015, in Clark County District Court asserting breach of contract, breach of covenant of good faith and fair dealing, unjust enrichment, and unfair practices in settling claims. (*Id.* ¶¶ 20–41). Liberty Mutual removed the case to this Court under diversity jurisdiction. (Pet. for Removal, ECF No. 1). In response, Plaintiff filed the instant Motion to Remand. (ECF No. 9).

## II. LEGAL STANDARD

If a plaintiff files a civil action in state court, a defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332, complete diversity of citizenship is required, and each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

## III. DISCUSSION

For the reasons discussed below, the Court finds that the removing Defendant has established that this Court has jurisdiction over the instant action.

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States," and under § 1332(c)(1), barring exceptions, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."

Liberty Mutual asserts that "Plaintiff was and is a resident and citizen of the State of Nevada." (Statement Regarding Removal, 2:9–10, ECF No. 7). Moreover, Liberty Mutual

1  asserts that it is and was at all relevant times incorporated in Wisconsin with its principal place
2  of business in Massachusetts, which makes it a citizen of both Wisconsin and Massachusetts
3  and satisfies the diverse citizenship requirement. (*Id.* 2:10–15).  Furthermore, Defendant asserts
4  that the amount in controversy exceeds the $75,000 jurisdictional minimum because the policy
5  limits at issue are $500,000 per accident, and Plaintiff also requests attorneys' fees and punitive
6  damages. (*Id.* 2:17–3:1).  Altogether, these facts satisfy the diversity jurisdiction requirements,
7  barring exceptions.

      **B.  Diversity Jurisdiction Exceptions**

However, "in any **direct action** against the insurer of a policy or contract of liability insurance…to which action the insured is not joined as a party-defendant," corporations are also citizens of "every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332 (emphasis added).

Plaintiff asserts that from a public policy perspective and under the plain language of § 1332(c)(1), direct actions should include any action taken against an insurer in which the insured member is not joined as a defendant and thus render the insurer a citizen of the state where the insured member resides. (Mot. to Remand, 8:12–23, ECF No. 9).  Because Plaintiff, Liberty Mutual's insured, was not joined as a defendant in the instant action against Liberty Mutual, Plaintiff argues that the Court should recognize Liberty Mutual as a citizen of Nevada—where Plaintiff resides. (*Id.* 4:6–9).

However, the Ninth Circuit has rejected Plaintiff's interpretation of Section 1332(c)(1): "a bad faith action against a plaintiff's own insurer is not a 'direct action' within the meaning of § 1332(c)(1)." *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 728-29 (9th Cir. 1993) (citing *Beckham v. Safeco Ins. Co.*, 691 F.2d 898, 902 (9th Cir. 1982)).  This Court cannot ignore binding Ninth Circuit precedent. *Dixon v. United States*, 548 U.S. 1, 4 (2006) (trial court correctly found itself bound by circuit precedent); *Panetti v. Quarterman*, 551 U.S. 930, 961

(2007) (district court was "of course" bound by circuit precedent); *Citizens For Better Forestry v. U.S. Dep't of Agr.*, 567 F.3d 1128, 1134 (9th Cir. 2009) (Ninth Circuit holding was binding on the district court).  Because this Court is bound by Ninth Circuit precedent, this Court must reject Plaintiff's interpretation of the statute in light of the Ninth Circuit's holding.  Therefore, because this case does not constitute a "direct action" and Defendant has satisfied all other criteria to establish diversity jurisdiction, this Court has diversity jurisdiction under § 1332.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Remand (ECF No. 9) is **DENIED**.

DATED this 12th day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court