ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW D. MINUCCI, ESQ.
Nevada Bar No. 12449
DANIEL M. RYAN, ESQ.
Nevada Bar No. 12485
**THE COTTLE FIRM**
8635 South Eastern Avenue
Las Vegas, Nevada 89123
rcottle@cottlefirm.com
mminucci@cottlefirm.com
Telephone: (702) 722-6111
Facsimile: (702) 834-8555
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

* * * * * * *

| | |
|---|---|
| SHAWN RUYBAL,<br><br>        Plaintiff,<br><br>    vs.<br><br>LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY, a Wisconsin corporation;<br>DOES I through XX, inclusive and ROE<br>CORRPORATIONS I through XX, inclusive,<br><br>        Defendants. | CASE NO.  2:15-cv-00508-GMN-NJK<br><br>**STIPULATION AND** [PROPOSED]<br>**ORDER TO EXTEND DISCOVERY**<br>**DEADLINES (FIRST REQUEST)** |

## STIPULATION

Pursuant to Local Rules 26-4 and 6-1, the parties hereby submit the following Stipulation and Order for Extension of Discovery Plan and Scheduling Order (First Request) to extend all remaining discovery deadlines in this case by ninety (90) days.

. . .

. . .

## I.      BACKGROUND

This is a complex bad faith insurance case involving diverse jurisdiction between the parties.  Plaintiff filed his Complaint in this matter in the Eighth Judicial District Court for Clark County, State of Nevada on February 9, 2015, asserting that the Defendant insurer failed to perform its duties as a First Party Insurer by failing to assist the Plaintiff to find appropriate treating physicians and refusal to pay policy limits.  On March 20, 2015, Defendant timely removed the action to the United States District Court for the District of Nevada on the basis of diversity jurisdiction. On March 27, 2015, Defendant filed a Motion to Dismiss Plaintiff's Claim for Unjust Enrichment.  The parties stipulated to dismiss Plaintiff's claim for unjust enrichment and further agreed to amend the caption to dismiss Liberty Mutual Insurance Company as a party. On April 13, 2015, a Stipulation and Order was filed dismissing Plaintiff's claim for unjust enrichment and to amend the caption to remove one of the Defendants. Plaintiff filed a Motion to Remand on April 1, 2015, and said motion was denied on June 12, 2015.  On April 27, 2015, Defendant timely answered Plaintiff's Complaint. On May 19, 2015, this Court approved and filed the Scheduling Order.

## II.     REASONS FOR EXTENSION TO COMPLETE DISCOVERY

Pursuant to Local Rule 6-1, the parties submit that good cause exists for the 90-day extension requested below for the following reasons:

Despite the good faith efforts of the parties to actively pursue discovery in this case and comply with the operative discovery plan, the parties have not been able to conduct sufficient discovery to put themselves in a position to complete their expert disclosures on July 24, 2015 and August 24, 2015, respectively. The parties amended the caption to correctly name the Defendants, and dismissed one of Plaintiff's claims from his Complaint.  As such, the parties were working

together to ensure that the claims and jurisdiction were appropriate and agreed to forego extensive discovery in the immediate future until these issues were resolved.

Defendant has served Plaintiff with written discovery and has requested, but not yet received, executed medical authorizations in order to obtain Plaintiff's pertinent medical records. Defendant will notice Plaintiff's deposition once discovery repsonses are received and all pertinent medical records are obtained. Defendant will also be scheduling the depositions of Plaintiff's treating physicians, and, as such, will be at the mercy of the physicians' schedules. Plaintiff has noticed the deposition for the Person Most Knowledgeable of Defendant Liberty Mutual which will require travel to at least one out of state location. Plaintiff also anticipates noticing the depositions of claims adjusters of Defendant Liberty Mutual which will likewise require travel to an out of state location. Plainitiff has also served extensive  written discovery to the Defendant, and these responses are due no later than July 6, 2015. It is likely there will discovery disputes which will require Court intervention with regard to the currently pending discovery requests and the need for entry of a protective order with regard to some of the requested materials. In order for the depositions to proceed in a meaningful manner, it is necessary that Plaintiff receive the requested documents in order to adequately prepare for deposition testimony and provide information to his experts.

Accordingly, the parties have agreed to the requested 90-day extension so that they can continue their efforts to complete the remaining necessary fact discovery prior to the expert disclosure deadlines. It is imperative that the parties obtain depositions of the parties, as well as any fact witnesses, some of whom reside out of state, prior to the expert disclosure deadlines so that the parties' expert witness are able to review the deposition testimony of the parties and fact witnesses, along with the claims file, before they formulate their opinions and issue expert reports pursuant to the Federal Rules of Civil Procedure. The parties believe good cause exists to grant their first request for this short extension of discovery deadlines.

. . .

**III.   DISCOVERY COMPLETED TO DATE**

The parties have commenced the following discovery to date:

- On May 12, 2015, Plaintiff served his initial disclosures, and Defendant served its initial disclosures on May 28, 2015.
- On May 20, 2015, Defendant sent Plaintiff its first request for medical authorizations to be executed in order to obtain Plaintiff's pertinent medical records.
- On May 21, 2015, Plaintiff served Defendant with his First Set of Interrogatories, First Set of Requests for Production of Documents, First Set of Requests for Admission and Pre-Trial Interrogatories and Requests for Production of Documents.
- On May 22, 2015 Plaintiff served Defendant with a Notice of Deposition for the Person(s) Most Knowledgeable of Defendant, scheduling the deposition for July 24, 2015.
- On May 22, 2015, Plaintiff served Defendant with a Second Set of Interrogatories and a Second Set of Requests for Production of Documents.
- On May 27, Plaintiff served Defendant with a Third Set of Interrogatories and a Third Set of Requests for Production of Documents.
- On June 1, 2015, Plaintiff served Defendant with a revised First Set of Interrogatories.
- On June 3, 2015, Plaintiff served Defendant with a (revised) First Set of Requests for Production of Documents and (revised) Second Set of Requests for Production of Documents.
- On June 17, 2015, Defendant served Plaintiff with a First set of Interrogatories and a First Set of Requests for Production of Documents.
- On June 18, 2015, Defendant served Defendant with a First Set of Requests for Admission.
- On June 11, 2015, Defendant sent Plaintiff a second request for medical authorizations to be executed in order to obtain Plaintiff's pertinent medical records.

. . .

. . .

## IV.   DISCOVERY TO BE COMPLETED

A.   Responses by both parties to written discovery/requests;

B.   Depositions of medical providers for Plaintiff to be scheduled upon receipt of Plaintiff's pertinent medical records;

C.   Deposition of Plaintiff;

D.   Depositions of claims adjusters to be scheduled upon receipt of Defendant's claims file;

E.   Issuance of expert reports;

F.   Depositions of expert and rebuttal expert witnesses.

## V.   PROPOSED NEW DISCOVERY DEADLINES

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off | September 23, 2015 | December 23, 2015 |
| Experts Disclosures | July 24, 2015 | October 24, 2015 |
| Rebuttal Expert Disclosures | August 24, 2015 | November 24, 2015 |
| Interim Status Report | July 24, 2015 | October 24, 2015 |
| Dispositive Motions | October 26, 2015 | January 26, 2016 (or at least 30 days after the discovery cut-off date) |
| Pretrial Order | November 25, 2015 | February 25, 2016 (or at least 30 days after the decision of the last dispositive motion) |

Given the need to depose Plaintiff, depose his treating physicians, depose the Person Most Knowledgeable of Defendant, depose the claims adjusters, and the need to collect the  medical

. . .

. . .

records from Plaintiff's treating physicians before Plaintiff's deposition and before the expert disclosure deadlines in this case, the parties respectfully request that this Honorable Court grant their first request to extend certain discovery deadlines by ninety (90) days.

DATED this 25th day of June, 2015.

**THE COTTLE FIRM**

By Matthew D. Minucci
ROBERT W. COTTLE, ESQ.
Nevada Bar No. 4576
MATTHEW D. MINUCCI, ESQ.
Nevada Bar No. 12449
DANIEL M. RYAN, ESQ.
Nevada Bar No. 12485
8635 South Eastern Avenue
Las Vegas, Nevada 89123
(702) 834-8555
Attorneys for Plaintiff

**SNELL & WILMER**

By Robert A. Schaffer
AMY M. SAMBERG, ESQ.
Nevada Bar No. 10212
ALEX L. FUGAZZI, ESQ.
Nevada Bar No. 9022
ROBERT A. SCHAFFER, ESQ.
Nevada Bar No. 10215
3883 Howard Hughes Parkway, #1100
Las Vegas, Nevada 89169
Telephone: (702) 383-3400
Attorneys for Defendant

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 26, 2015